JONES LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3275.   Promulgated January 25, 1927.

> The debts herein were ascertained to be worthless and were charged off within the taxable year. *Held* properly deductible from gross income.

*Paul Kayser, Esq.,* for the petitioner.
*Robert A. Littleton, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for the year 1921 in the amount of $2,985.48. Only so much of the deficiency is in controversy as arises from the disallowance by the respondent of deductions claimed by the petitioner on account of debts alleged to have been ascertained to be worthless and charged off in the taxable year.

FINDINGS OF FACT.

The petitioner is a corporation organized under the laws of Texas with its principal office at Houston. It is, and was during the year 1921, engaged in the business of selling lumber.

In the year 1921, J. M. Sullivan and J. C. Sparks, two carpenters, took a contract to build a house. The petitioner furnished them, on credit, the lumber that was used in constructing the house. The

contract price was not sufficient to pay for the material and labor used in the construction of the house and Sullivan and Sparks were not able to pay the full amount due the petitioner, and at the conclusion of the transaction they owed the petitioner approximately $3,000. The petitioner reduced the indebtedness to judgment, but has been able to collect only about $280 from Sullivan and Sparks. Sullivan and Sparks have, and had at December 31, 1921, no property, and they support themselves and their families by day labor. On December 31, 1921, the petitioner charged off the amount of the debt as it then existed—$2,721.55, as worthless and deducted that amount in computing its net income for the year 1921.

The petitioner also sold lumber to the amount of $195.98 to an individual who represented that he was going to establish a business in Houston under the name of the Houston-Tampico Steamship Co. A short time later the person who purchased the lumber left Houston and the petitioner has never been able to locate him or to collect anything on his account for the lumber sold. The account was charged off as worthless on December 31, 1921, and was deducted from the petitioner's gross income for that year.

The Commissioner, upon audit of the petitioner's income and profits-tax return for the year 1921, disallowed both of the deductions set forth herein.

#### OPINION.

MARQUETTE: Upon consideration of the evidence herein, we are of the opinion that the debts in question were worthless on December 31, 1921, and that they were ascertained to be worthless and charged off within the year 1921. The petitioner is, therefore, entitled to deduct the amount of the debts in computing its net income for the year 1921.

*Judgment will be entered on 15 days' notice, under Rule 50.*